IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>TROY L. ASH,<br>Defendant. | Case No. 20–CR–40061–JPG |

## **MEMORANDUM & ORDER**

Before the Court are Defendant Troy L. Ash's ("Defendant" or "Ash") *pro se* Motion for Bill of Particulars (Doc. 172) and Motion to Dismiss Superseding Indictment (Doc. 174). The Government responded. (Doc. 185 and 186). The Government has responded at Doc. 186 and Doc. 185, respectively. For the reasons below, the Court **DENIES** Ash's Motions.

### I.   PROCEDURAL HISTORY

On July 8, 2020, a grand jury indicted Ash for Conspiracy to Distribute Heroin and Cocaine (Count 1), Possession with Intent to Distribute Heroin (Count 6), Possession with Intent to Distribute Cocaine (Count 7). A day later an arrest warrant was issued. Ash was ordered detained on July 23, 2020 by Magistrate Judge Gilbert C. Sison.

On April 21, 2021, the Government filed an enhancement under 21 U.S.C. §851. (Doc. 99). On June 15, 2021, the Government motioned this Court to Withdraw the enhancement (Doc. 129). This Court denied that motion during a final pre-trial on June 16, 2021. On June 24, 2021 Defendant requested the June 30, 2021 hearing be converted to a Change of Plea Hearing (Doc. 133). The Change of Plea Hearing was continued until July 20, 2021. During the July 20 hearing the Defendant did not plead guilty but made an oral motion to dismiss the indictment (Doc. 140). The Court denied that Motion because the Government stated it "intends to supersede the

indictment which would moot the Defendant's arguments." (Doc. 140). Therefore, the grand jury issued a superseding indictment charging Defendant with Conspiracy to Distribute Heroin (Count 1), Possession with Intent to Distribute Cocaine (Count 2), and Felon in Possession with a Firearm, as well as forfeiture count as to the firearm and any ammunition (Count 3). On September 13, 2021, Defendant filed a Motion for Bill of Particulars (Doc. 172) and a Motion to Dismiss the Superseding Indictment (Doc. 174). We address each motion separately.

## II.     Motion for Bill of Particulars (Doc. 172)

Defendant asks this Court to file a bill of particulars or a more definite statement. Defendant does not provide a reason for this Court to do so. The entirety of Defendant's motion states "I am requesting a bill of particulars (Doc. 172). The Government opposes his motion (Doc. 186). Fed. R. Crim. P. 7(f) provides that the Court may direct the filing of a bill of particulars upon motion of a defendant. A bill of particulars is required if the indictment does not "sufficiently apprize the defendant of the charges to enable him to prepare for trial." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991) (cleaned up). For an indictment to provide notice to a defendant, it must include "the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated[.]" *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003). The defendants' constitutional right is to know the offense with which they are charged, not to know the details of how it will be proved. *Id*. In making this determination the Court can consider other information such as the government's "open-file" policy. *Id*. at 447 n. 2 ("the government in this case provided the defendants with extensive pretrial discovery, giving them full access to all documentary evidence in the government's possession, thus further obviating the need for a bill of particulars").

It is unclear to the Court for what reason Defendant is requesting a bill of particulars. He does not state how the indictment does not allow him to prepare for his defense. Upon review of Defendant's Superseding Indictment (Doc. 147), Counts 1-3 of the Superseding Indictment (Doc. 147) provide the time and place of the conduct constituting a violation as well as a citation to the statute violated. *Cf United States v. Hinkle*, 637 F.3d 1154 (7th Cir. 1981) (finding the indictment insufficient where indictment was devoid of which controlled substances defendant was charged with facilitating manufacture of).

The Court notes that the Government has maintained an "open-file" policy. Thus, finding that the indictment sufficiently apprizes Defendant of the charges against him and Defendant having access to the discovery in this case, the Court hereby **DENIES** Defendant's Motion for a Bill of Particulars (Doc. 172).

### III.    Motion to Dismiss Superseding Indictment (Doc. 174)

Defendant also requests this Court to dismiss his Superseding Indictment (Doc. 147) because the "A.U.S.A lied on the record and the indictment stems from selective, vindictive and outrageous government conduct." (Doc. 174, p. 2).

To obtain an evidentiary hearing on a prosecutorial vindictiveness claim, Defendant needs "offer sufficient evidence to raise a reasonable doubt that the government acted properly" in seeking the superseding indictments. *United States v. Tingle*, 880 F.3d 850, 856 (7th Cir. 2018) (internal citations omitted). While prosecutorial vindictiveness is presumed where a prosecutor takes an action against a defendant after a defendant exercises a legal right, "the Supreme Court has refused to extend the presumption of vindictiveness to pre-trial prosecutorial conduct." *Id*. (holding defendant's due process rights were not violated when the prosecutor sought superseding

indictment after Tingle rejected the government's plea offers). Like in *Tingle*, the presumption does not apply here.

Here, the Government states it told Defendant it would seek a superseding indictment if Defendant rejected the plea offer (Doc. 185, p. 5). In exchange, the government moved to withdraw the enhancement when Defendant agreed to plead guilty (Doc. 129; Doc. 185, p. 5). The record shows the Government gave notice to Defendant that it intended to supersede the indictment (Doc. 140). In *Alabama v. Smith*, the Supreme Court stated a prosecutor may "threaten a defendant with increased charges if he does not plead guilty, and follow through on that threat if the defendant insists on his right to stand trial." 490 U.S. 794, 802 (1989) (cleaned up); *see also United States v. Goodwin*, 457 U.S. 368, 380 (1982) ("just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded").

Defendant also states the Government "lied on the record" when it stated "[t]he gun is a state charge, we have nothing to do with that" (Doc. 174, p. 2). Defendant states this because Count 3 of the Superseding Indictment charges Defendant with a Felon in Possession with a Firearm, as well as forfeiture count as to the firearm and any ammunition (Doc. 147). The Government's decision to pursue the firearms charge are presumed valid. *Goodwin*, 457 U.S. at 384. (stating pretrial decisions are valid because "prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution") (cleaned up). Additionally, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." The prosecutor changing his decision to charge Defendant with the firearm charge after previously stating he

would not, does not rise to the level of prosecutorial animus. *Goodwin*, 457 U.S. at 383 (burden imposed by jury trial request insufficient to even show realistic likelihood of vindictiveness); *United States v. Bullis*, 77 F.3d 1553, 1559 (7th Cir. 1996) (claim that defendant imposed a modest burden upon the prosecutor for invoking a procedural right is not sufficient to show actual vindictiveness). Additionally, "[i]n the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has broader significance." *Goodwin*, 457 U.S. at 381. The law provides prosecutors leeway in their pretrial decisions. Because Defendant has not shown that the Government did not have reasonable cause to charge him with the firearms charge and has not provided objective evidence of prosecutorial animus, the Court hereby **DENIES** Defendant's Motion to Dismiss Superseding Indictment (Doc. 174).

### IV.  CONCLUSION

The Court hereby DENIES Defendant's Motion for Bill of Particulars (Doc. 172) and Defendant's Motion to Dismiss Superseding Indictment (Doc. 174).


**IT IS SO ORDERED.**
**DATED: December 8, 2021**

                                                 /s J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **UNITED STATES DISTRICT JUDGE**