IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

Case No. 20–CR–40061–JPG

TROY L. ASH,
Defendant.

**MEMORANDUM & ORDER**

Before the Court is Defendant Troy Ash's ("Defendant" or "Ash") *pro se* motions, Motion to Have Scale Tested for Heroin (Doc. 198) and Motion to Suppress (Doc. 199). The Government has responded (Doc. 200).

**I.     Background**

The Court has summarized the background Defendant's in multiple memoranda and orders in this matter.  On July 8, 2020, a grand jury indicted Ash for Conspiracy to Distribute Heroin and Cocaine (Count 1), Possession with Intent to Distribute Heroin (Count 6), Possession with Intent to Distribute Cocaine (Count 7). On April 21, 2021, the Government filed an enhancement under 21 U.S.C. § 851. (Doc. 99). On June 15, 2021, the Government motioned this Court to Withdraw the enhancement (Doc. 129).

During a change of plea hearing, Defendant did not plead guilty and made an oral motion to dismiss the indictment. The Court denied that motion because the Government stated it intended to seek a superseding indictment (Doc. 140). The grand jury issued a superseding indictment charging Defendant with Conspiracy to Distribute Heroin (Count 1), Possession with Intent to Distribute Cocaine (Count 2), and Felon in Possession with a Firearm, as well as forfeiture count as to the firearm and any ammunition (Count 3) (Doc. 147).

1

Here, according to the Government, during an execution of a search warrant at Defendant's residence on January 16, 2020, law enforcement found a firearm and two baggies. These baggies, according to a field test, tested positive for cocaine and heroin. However, upon a later examination by a DEA Forensic Chemist, the substance that the field test determined to be heroin was determined to be Isontonitazene. Isontonitazene "is a potent synthetic opioid, and it is being abused for its opioidergic effects." (Doc. 200, Exhibit A). Defendant now has filed a Motion to Suppress because the superseding indictment charges him with "Conspiracy to Distribute Heroin" and the substances in the baggy was Isontonitazene and not heroin. Defendant states allowing evidence of the synthetic opioid into "evidence at my trial would be misrepresenting and misleading the jury." (Doc. 199, p. 1).

**II.     Analysis**

A motion to suppress seeks to exclude evidence obtained in violation of a defendant's constitutional rights. However, Defendant does not argue the evidence should be excluded in violation of his constitutional rights but seems to argue that such evidence should be excluded because it would mislead the jury.

The Court construes Defendant's motion as a pretrial motion determining whether such evidence is relevant under Rule 401. Fed. R. Evid. 401. The Court finds that such evidence of the synthetic opioid would be relevant under Rule 401.

The standard for relevance is low. *United States v. Driggers*, 913 F.3d 655, 658 (7th Cir. 2019). When determining whether evidence is relevant, the Court asks whether it has "any tendency to make a fact more or less probable than it would be without the evidence when the fact is of consequence in determining the action." *Id*. (cleaned up). Here, the Government argues that the Isontonitazene is relevant because it was found in Defendant's residence, Defendant

believed it to be heroin, Defendant told agents that he believed the substance was heroin, and Defendant named his supply source of the substance in question (Doc. 200, p. 3). Here, the Court finds that Isontonitazene would be relevant to this case. Specifically, the Court finds it highly relevant to admit substances that were seized in Defendant's home pursuant to a search warrant, and where Defendant named the supplier of the substance.

Defendant also takes issue with the accuracy of the indictment. The indictment states that the mixture contained a "detectible amount of heroin involved in the overall conspiracy." (Doc. 147, p. 1). Upon testing, the substance actually turned out to be Isontonitazene. To the extent Defendant takes issue with the indictment under Rule 7(c), the Seventh Circuit has held that an indictment meets the requirements of Rule 7(c)(1) if it: (1) contains the elements of the offense charged; (2) fairly informs the defendants of the nature of the charge against him; and (3) enables the defendant to plead the judgment as a bar to later prosecution for the same offense. *See United States v. Moore*, 446 F.3d 671, 676–77 (7th Cir. 2006). The test for validity of an indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards. *Id*. Here, "conspiracy exists when: (1) two or more people agree to commit an unlawful act, and (2) the defendant knowingly and intentionally joins in the agreement." The indictment contains those elements. Conspiracy to distribute heroin does not require that any substance found must be, in fact, heroin.

Defendant can, of course, clear up any misrepresentations regarding the substances during cross examination of witnesses at trial. The jury can determine the weight such evidence can be given to Defendant's case. *United States v. Prieto*, 549 F.3d 513, 524 (7th Cir. 2008) ("district court did not err when it admitted methamphetamine exhibits into evidence and allowed the jury to determine what weight that evidence deserved").

The Court finds that Defendant's Motion to Have Scale Tested for Heroin (Doc. 198) is **MOOT** and **DENIES** Defendant's Motion to Suppress (Doc. 199).


**IT IS SO ORDERED.**
**DATED: January 26, 2022**

                                          /s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **UNITED STATES DISTRICT JUDGE**