IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

TROY L. ASH,
Defendant.

Case No. 20–CR–40061–JPG

## MEMORANDUM & ORDER

This matter comes before the Court on Defendant Troy L. Ash's ("Defendant" or "Ash") Motion to Transfer. Ash was sentenced by this Court on July 13, 2022, for conspiracy to distribute heroin, possession with the intent to distribute cocaine, and being a felon in possession of a firearm. Ash is currently housed in Terre Haute FCI in Terre Haute, Indiana. https://www.bop.gov/inmateloc/ (last visited January 24, 2023). Ash states that Terre Haute has no educational programs, and indicates it is impossible to get "First Step Act here because there's no programs which would allow" him to get "extra good time credit" (Doc. 241 at 1). Ash is requesting this Court to be transferred to an institution where he could "acquire a trade or some kind of education." *Id*. at 2.

BOP is vested with "broad discretion" in choosing the location of an inmate's imprisonment and in determining if or when an inmate should be transferred from one institution to another, and this Court is without the authority to order transfers within BOP institutions. *See Fults v. Sanders*, 442 F.3d 1088, 1090 (8th Cir. 2006); 18 U.S.C. § 3621(b) (setting forth criteria for BOP to consider in making placement and transfer determinations). Ordering transfers is therefore beyond the scope of the court's authority.[1] *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) ("[T]he PLRA

---

[1] Congress has given the BOP full discretion in determining the placement of federal prisoners. See 28 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.") To that end, the

enforces a point repeatedly made by the Supreme Court in cases challenging prisoner conditions: '[P]rison officials have broad administrative and discretionary authority over the institutions they manage.' ") (quoting *Hewitt v. Helms*, 459 U.S. 460, 467, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).

Ash does not provide a vehicle or reason for the Court to override the discretion Congress has placed in the BOP to make placement and transfer determinations. Such a request must be made at the BOP and institutional level. For this reason, the Court **DENIES** Ash's Motion to Transfer (Doc. 241).

**IT IS SO ORDERED.**
**DATED: January 25, 2023**

                                                 **/s J. Phil Gilbert**
                                                 **J. PHIL GILBERT**
                                                 **UNITED STATES DISTRICT JUDGE**

---

Supreme Court has made it abundantly clear that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request. *Olim v. Waukinekona*, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976).